UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCO PALACIO,

    Plaintiff,

v.                                        Case No: 6:13-cv-686-Orl-28TBS

SHERIFF OF ORANGE COUNTY,
FLORIDA,

    Defendant.

### **REPORT AND RECOMMENDATION**[1]

Pending before the Court is the parties' Joint Motion to Approve Settlement and to Dismiss with Prejudice. (Doc. 25). On March 22, 2013, Plaintiff filed an action in state court against his former employer, Defendant, for unpaid compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Doc. 2). The case was removed to federal court on April 29, 2013. (Doc. 1). On November 18, 2013, the parties advised the Court that they had reached a settlement of Plaintiff's claim. (Doc. 25). The Court could not tell from the parties' notice whether Plaintiff had actually compromised his FLSA claim so the Court directed supplemental briefing. See. (Doc. 26). In the supplement to the joint motion to approve settlement,

> The Parties stipulate that Plaintiff will receive full compensation without compromise for all amounts he claims he is owed in unpaid wages and an equal amount in liquidated damages. Plaintiff's counsel will receive a separate amount in attorney's fees.

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

(Doc. 27).

Under these circumstances, the Court's approval of the settlement is unnecessary.

On this issue, the Court in Bonetti v. Embarq Mgmt. Co. concluded that:

> The judges in the Orlando division have construed Lynn Foods as requiring court approval of any FLSA settlement which involves a compromise of the plaintiff's claims. Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand. . . . If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the court to review the settlement.

715 F. Supp. 2d 1222, 1226-1227 n.6 (M.D. Fla. 2009).

Upon consideration of the foregoing, I **respectfully recommend** that:

1. The joint motion (Doc. 25) be **granted**;

2. The case be **dismissed with prejudice**;

3. The Clerk be directed to **close** the file.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 5, 2013.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

   Presiding United States District Judge
   Counsel of Record